[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11356
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00003-JOF-CCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ANTHONY HENDLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 9, 2010)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

William Anthony Hendley pleaded guilty to the unlawful possession of a

firearm by a convicted felon under 18 U.S.C. § 922(g) and was sentenced to a term

of 106 months' imprisonment and three years of supervised release. Hendley appeals from his sentence, which he argues was based on an improperly calculated guidelines range.

I.

One night in April 2008, police in Roswell, Georgia responded to reports of gunfire in a public park. After arriving at the park, the officers approached two men leaving a wooded area. When the police identified themselves, one of the two men, Hendley, fled. The police chased Hendley and eventually apprehended him. When the officers retraced the path of the chase, they found a handgun and, 20 yards away from the handgun, two cellophane bags. One bag contained 14.4 grams of crack cocaine and the other contained 3.3 grams of marijuana. Although the officers had not seen Hendley discard the drugs, they assumed that he must have because the bags were dry despite a recent rainstorm. Hendley's hands tested positive for gunshot residue, and he eventually admitted that the gun was his.

Hendley was indicted for possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. § 841, possession of a firearm as a convicted felon, 18 U.S.C. § 922(g), and possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). Hendley pleaded guilty to the felon-in-possession charge, and the government moved to dismiss the other charges.

Before sentencing the probation officer recommended that Hendley's base offense level under the Sentencing Guidelines be increased by four points because he had possessed a firearm "in connection" with another felony, possession of crack cocaine with intent to distribute. *See* U.S.S.G. § 2K2.1(b)(6). Hendley objected to the enhancement, arguing that the drugs were not his and, at any rate, they were found in a different place from his gun.

At the sentencing hearing, Roswell police detective Mark Macdonald testified that, while he was chasing Hendley, he smelled unburned marijuana near a tire that he and Hendley had jumped over. Macdonald further testified that he found the drugs near the tire about 20 yards from the gun. The government also argued that the cellophane bags were dry even though it had recently rained and noted that Hendley had once before discarded drugs while fleeing from the police. Hendley's counsel responded that the drugs could have belonged to anyone, and that if Hendley had discarded them, Macdonald would have seen him do it.

The district court found that the government had proved that Hendley had probably possessed the firearm in connection with the felony drug offense. Accordingly, the court applied the enhancement. The resulting guidelines range was 110 to 120 months' imprisonment, but the judge varied downward and sentenced Hendley to 106 months' imprisonment and three years of supervised

3

release.  He now appeals his sentence, arguing that it was based on an improperly calculated guidelines range because his offense level was erroneously enhanced by the district court's finding that he had possessed the handgun in connection with another felony.

## II.

We review the district court's application and interpretation of the Sentencing Guidelines *de novo*.  *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002).  Factual findings, on the other hand, are reviewed for clear error.  *Id*.  "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed."  *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).  When a defendant objects to an enhancement under the Guidelines, the government bears the burden of proving any disputed facts by a preponderance of the evidence.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

The Sentencing Guidelines provide for a four-point enhancement to a defendant's base offense level if he possessed a firearm "in connection with" another felony.  U.S.S.G. § 2K2.1(b)(6).  If the other felony is a drug-trafficking offense, the enhancement applies whenever the firearm was found in close proximity to the drugs.  *Id.* at comment. (n.14(B)).  When the other felony is not a

4

drug-trafficking or burglary offense, the enhancement only applies if the possession of the firearm facilitated or had the potential to facilitate the other felony. *Id.* at comment. (n.14(A)).

Although Hendley argues that the government did not present any evidence that he was engaged in trafficking drugs, he did not object to the PSI's contention that the police had found 14.4 grams of crack cocaine. When Hendley was sentenced, 14.4 grams of crack was sufficient to support an indictment for possession with intent to distribute. 21 U.S.C. § 841(b)(1)(B)(iii) (2006) *amended by* Pub. L. 110-220, § 2(a)(2).[1] And possession with intent to distribute is a drug-trafficking offense.[2]

Because the quantity of drugs supported a finding that whoever possessed them was engaged in a drug-trafficking offense, to prove that the enhancement should apply the government had to show that the drugs and gun were found in close proximity to one another and that the drugs probably belonged to Hendley. U.S.S.G. § 2K2.1(b)(6), comment. (n.14(B)).

---

[1] The amount of crack cocaine necessary to support an indictment for possession with intent to distribute was increased from 5 grams to 28 grams, effective August 3, 2010.

[2] *See* 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act . . . ."); U.S.S.G. § 5K2.20, comment. (n.1) ("'Serious drug trafficking offense' means any controlled substance offense under title 21, United States Code, other than simple possession . . . that provides for a mandatory minimum term of imprisonment of five years or greater . . . .").

At the sentencing hearing, the government established that the drugs and gun were found within 20 yards of each other. This satisfies the close-proximity requirement. The district court also found that drugs were likely Hendley's and that he had discarded the drugs as he fled the police. The district court based this finding on an earlier incident where Hendley discarded drugs while fleeing from the police, as well as the location of the drugs on the path. In addition, the court noted that the marijuana's strong odor suggested that the it had not been in the open for very long. These facts are sufficient to support the district court's finding that the drugs were probably Hendley's, and that he had possessed a firearm in connection with another felony offense. Accordingly, the district court's application of the § 2K2.1(b)(6) enhancement was correct, and Hendley's sentence is

**AFFIRMED.**